On motion to withdraw as counsel for appellant filed April 21, 1982, motion denied September 21, reconsideration denied November 18, petition for review denied December 20, 1983 (296 Or 236)

STATE OF OREGON,
*Respondent,*

*v.*

JOHN PATRICK KENNEDY,
*Appellant.*

(CT81-8302; CA A24035)

669 P2d 807

Ronald K. Cox, Assistant Public Defender, Coquille, appeared for motion.

Before Joseph Chief Judge, and Richardson and Gillette, Judges.

GILLETTE, J.

## GILLETTE, J.

This is one of a series of *"Anders"*[1] cases held for this court's decision in *State v. Horine,* 64 Or App 532, 669 P2d 797 (1981). Counsel for the indigent appellant in this criminal case seeks to withdraw as counsel. We deny the motion.

The affidavit accompanying counsel's motion to withdraw states that defendant represented himself at trial and wished to appeal because he thought the trial judge reached the wrong decision. Counsel further states that he had listened to the audio record and had found only one ruling that had been preserved for appeal. He describes that objection and the testimony surrounding it briefly. Counsel then states that no other errors were preserved and that there are no flagrant errors on the face of the record. He further states that, even if the one preserved ruling were error, it would be harmless, given the remaining evidence. The affidavit then states:

"That I talked to the defendant and explained the above matters, and he indicated he did not object to the case not proceeding further as he simply wanted to determine whether he had further legal recourse from the judgment."

This last paragraph seems to indicate that defendant does not object to the appeal being dismissed, but counsel's motion is to withdraw, not dismiss the appeal. In addition, the accompanying memorandum from counsel states that the motion to withdraw is submitted in compliance with *Anders.*

While the matter is not entirely clear, we conclude that counsel is seeking to withdraw, not to dismiss the appeal. The application to withdraw complies with most of the requirements of *Anders* and *State v. Horine, supra.* However, nothing in the record indicates that defendant has been notified by counsel of his right to file a brief *pro se.* Counsel is directed to follow the procedure in that regard outlined in *State v. Horine.* After doing so he may, if it is appropriate, renew his motion to withdraw.

Motion to withdraw as counsel denied.

---

[1] *Anders v. California,* 386 US 738, 87 S Ct 1396, 18 L Ed 2d 493 (1967).