On appellant's request for leave to file supplemental brief *pro se* filed December 7, 1981; on respondent's motion to strike defendant's brief filed January 13, 1982, motion to strike defendant's brief denied; defendant granted permission to file a supplemental brief *pro se* October 26, 1983

See 67 Or App 155, 681 P2d 129 (1984)

# STATE OF OREGON,
## *Respondent,*

### *v.*

# RALPH EDWARD ALLIGOOD,
## aka Robert Louis Ence,
## *Appellant.*

### (B53-390; CA A22519)

670 P2d 1069

David Lowry, Eugene, for appellant.

Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem, for respondent.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

This is one of a series of *"Anders,"*[1] cases held for this court's opinion in *State v. Horine,* 64 Or App 532, 669 P2d 797 (1983). Counsel for the indigent appellant in this criminal case has filed what he designates as an *"Anders* Brief," *i.e.,* a short statement of arguable errors found in the record, a request that this court "search the record" for any errors and a request for permission for defendant to file a *pro se* brief if he so desires. The state moves to strike the brief on the ground that it fails to comply with ORAP 7.17 and 23.05. We deny the state's motion, accept the brief for filing and grant the motion to permit defendant to file a *pro se* brief if he desires.

■ We deal with the state's motion first. This case presents another variation on the *Anders* problem.[2] Counsel does not specifically state that he has found no non-frivolous issues to raise, but he does state that he has searched the record pursuant to *Anders.* It appears that counsel has attempted to walk the *Anders* tightrope that we explored critically in *State v. Horine, supra.* Counsel's language does not precisely parallel ours—it could hardly be expected to do so—but we find that the brief substantially complies with the requirements explained in *Horine.* Counsel's failure to comply with certain portions of ORAP, as pointed out by the state, is a consequence of the nature of an *Anders* brief. The state's motion to strike defendant's brief is denied.

■ We decline the invitation to search the record for error. *State v. Horine, supra,* 64 Or App at 547-48. The request that defendant be given leave to file a *pro se* brief, if he desires, is granted. Defendant should notify the records office of this court within 30 days to whether he intends to proceed *pro se.* If we do not receive such notice, defendant's conviction will be affirmed.

The motion to strike defendant's brief is denied; defendant is given leave to file a supplemental brief *pro se.*

---

[1] *Anders v. California,* 386 US 738, 87 S Ct 1396, 18 L Ed 2d 493 (1967).

[2] *See State v. Horine, supra; State v. Kennedy,* 64 Or App 556, 669 P2d 807 (1983); *State v. Hyde,* 65 Or App 242, 670 P2d 1066 (1983); *State v. Carr,* 65 Or App 239, 670 P2d 1068 (1983).