On appellant's motion to dismiss appeal and petition for attorney fees filed June 21, 1982, motion to dismiss denied; petition for attorney fees denied October 26, appeal dismissed December 29, 1983 (66 Or App 974, 677 P2d 671)

## STATE OF OREGON,
*Respondent,*

*v.*

## TULLIE GENE CARR,
*Appellant.*

(81-262C; CA A23771)

670 P2d 1068

Neil D. Smith, Klamath Falls, for motion and petition.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

This is one of a series of *"Anders"*[1] cases held for this court's opinion in *State v. Horine,* 64 Or App 532, 669 P2d 797 (1983). Counsel for the indigent appellant in this criminal case has filed a motion denominated "Motion to Dismiss Appeal," together with a motion for attorney fees. For the reasons that follow, both motions are denied.

The motion to dismiss the appeal states:

"Appellant * * * by and through his attorney * * * moves the Court for an order dismissing the appeal in the above-entitled matter on the grounds and for the reasons[2] that after extensive research into various points it was determined that the issues had previously been decided by other courts and it is believed that our court would rule in a fashion similar to those."

Treating this motion as it is captioned—*i.e.,* as a motion to dismiss—it is denied. Defendant has not personally joined in it by signing the motion. If, in the alternative, counsel wished (or now wishes) to be relieved as counsel under *Anders,* his attention is directed to *State v. Horine, supra; State v. Kennedy,* 64 Or App 556, 669 P2d 807 (1983); and *State v. Hyde,* 65 Or App 242, 670 P2d 1066 (1983). As those cases—particularly *State v. Hyde*—make clear, the assertions of appointed counsel here would not be sufficient to relieve him of the obligation to file a brief if defendant wishes to have him do so.

The motion to dismiss this appeal is denied. The motion for an award of attorney fees is premature; it, too, is denied.

---

[1]*Anders v. California,* 386 US 738, 87 S Ct 1396, 18 L Ed 2d 493 (1967).

[2]"On the grounds and for the reasons" is one of those pervasive and abrasive redundancies which persists in the legal lexicon, apparently because it either sounds "legalistic," has a pleasing cadence, or both. We do not mean to single out counsel in this case for criticism for his use of the phrase; regretably, virtually everyone uses it. However, this court could live without it—and the practice of law in this state would be better off.