On motion to withdraw as counsel for appellant filed September 15, 1982, motion to
withdraw as counsel denied October 26, 1983

## STATE OF OREGON,
*Respondent,*

*v.*

## ALTON CHARLES HYDE,
*Appellant.*

(81-1925; CA A23496)

670 P2d 1066

Ronald K. Cox, Assistant Public Defender, Coquille,
appeared for motion.

Before Gillette, Presiding Judge, and Warden and Young,
Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

This is one of a series of *"Anders"*[1] cases held for this court's decision in *State v. Horine,* 64 Or App 532, 669 P2d 797 (1983). Counsel for the indigent appellant in this criminal case seeks to withdraw as counsel. We deny the motion.

Counsel moves to withdraw "on the grounds that there are no meritorious appealable issues preserved in the trial court record, and there is no egregious error on the face of the record." The memorandum that accompanies the motion describes the facts surrounding the *voir dire* of the jury and suggests that defendant has "at the very least, a colorable claim that he was denied the effective assistance of counsel arising out of the conduct of the *voir dire."* It goes on to point out that the Oregon courts have "uniformly" held that such a claim is rarely cognizable on direct appeal, because it requires the kind of evidentiary hearing that is only available in post-conviction proceedings. The memorandum relies on *Anders v. California, supra,* as authority for the withdrawal request.

Counsel submitted an affidavit with his motion. It states that he has reviewed the entire record and then details the motions that were made and the objections taken during trial and states briefly why there was no error committed in the trial court's rulings. The affidavit concludes:

> "That for the above reasons, the affiant is of the opinion that the Court of Appeals would simply affirm on appeal, and the Supreme Court deny review, whereas defendant does appear to have a post-conviction relief claim worth pursuing, so proceeding with the appeal would simply delay defendant's relief via post-conviction relief."

The affidavit also states that defendant was advised of the motion by letter on the same date as the affidavit.

Although there is not much difference between this affidavit and others this court has received on this subject, the difference there is is pivotal.

As we said in *State v. Horine, supra,* 64 Or App at 546-548, due process requires that counsel raise whatever *non-frivolous* issues are found in the record. Counsel in the present

---

[1] *Anders v. California,* 386 US 738, 87 S Ct 1396, 18 L Ed 2d 493 (1967).

case has asserted that he cannot find a *meritorious* issue. There is a distinction between "non-meritorious" and frivolous. As we explained in *State v. Horine, supra,* 64 Or App at 541-42 n 3:

> "Although it has been suggested that the narrow distinction made in *Anders* is between 'non-meritorious' and 'frivolous' appeals, *see* American Bar Association, Standards Relating to the Prosecution Function and the Defense Function, Rule 8.3(b) (Approved Draft 1971), we do not read *Anders* as making that limited distinction. It seems clear that counsel should not be dissuaded from filing a brief on behalf of the client because of a belief that the claims of error may not be found to be reversible by the appellate court, if there exists some basis for raising those claims. The problem presented by *Anders,* and the case before us, arises only when counsel is unable to find any non-frivolous issues to present on appeal. By 'non-frivolous,' we mean an issue for which a reasonable argument can be made, including suggested changes in the law."

As both *Horine* and *Anders* make clear, it is not the function of counsel to decide the *merits* of an appeal. The affidavit in this case establishes that there are non-frivolous matters which counsel ought to raise on appeal. He has asserted that defendant stands a better chance in a post-conviction court. That may be; if so, he and his client may wish to dismiss this appeal and proceed to post-conviction. There being presently no dismissal, however, counsel is directed to file a brief on behalf of defendant.

Motion to withdraw as counsel denied.