On motion to withdraw as counsel for Petitioner filed October 14, 1982, motion to withdraw as counsel denied November 9, 1983

## LARRY DALE FOWLER,
*Petitioner,*

*v.*

## PSYCHIATRIC SECURITY REVIEW BOARD,
*Respondent.*

(78-40; CA A25610)

671 P2d 755

John Clinton Geil, Portland, appeared for motion.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

Petitioner seeks judicial review of an order of the Psychiatric Security Review Board (PSRB) revoking his conditional release and ordering that he remain in a state mental health facility. Counsel has filed a brief pursuant to his understanding of the requirements of *Anders v. California,* 386 US 738, 87 S Ct 1396, 18 L Ed 2d 493 (1967), asserting that there are no arguable grounds for the appeal and that the appeal is therefore frivolous. He has also filed a motion to withdraw as counsel under *Anders,* quoting language from that opinion stating that, if counsel finds the case wholly frivolous, he may so advise the court and ask to withdraw. The motion to withdraw is denied.

■      The brief filed by counsel is 18 pages long and contains all the sections required by the Oregon Rules of Appellate Procedure. However, it presents what is basically an argument against the petitioner:

> "There are no appealable issues in this case. Counsel will raise and discuss four potential issues pursuant to *Anders v. California, supra.*"

The issues presented are captioned:

> "A.     The Findings of Fact Are Sufficient for Review;

> "B.     There is sufficient evidence in the record to support the Board's finding that petitioner is affected by a mental disease or defect;

> "C.     There is substantial evidence to support the Board's finding that petitioner's mental disease or defect is in a state of partial remission * * *;

> "D.     There is sufficient evidence to revoke Fowler's conditional release."

The argument presented under each of those headings basically argues the case against petitioner. That is certainly, as certainly as anything is under *Anders, not* what counsel should do. *See State v. Horine,* 64 Or App 532, 669 P2d 797 (1983). For our purposes, under *Horine,* the brief will be ignored. Counsel has stated that there are no appealable issues, and that is enough.

■      However, as was true in *Horine,* there is no indication that petitioner has been notified of counsel's actions and given

an opportunity to file a *pro se* brief. That notification must take place before this court can allow counsel to withdraw. If petitioner does not file a brief on his own behalf, the order of the PSRB will be affirmed. *See, e.g., State v. Horine, supra; State v. Kennedy,* 64 Or App 556, 669 P2d 807 (1983).

Motion to withdraw as counsel denied.